IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    CASE NO: 1:20-cr-00155-LMB-1 |
| v. | : |
| | : |
| SON HOANG NGUYEN, | : |
| | : |
| Defendant. | : |

## DEFENDANT NGUYEN'S SENTENCING MEMORANDUM AND REQUEST FOR A VARIANCE

Defendant Son Hoang Nguyen ("Mr. Nguyen") submits this Memorandum and Request for a Variance to assist the Court in imposing a reasonable sentence that is sufficient, but not greater than necessary, to meet the sentencing goals of 18 U.S.C. § 3553(a).

Based on the factors set forth in Section 3553(a), and Mr. Nguyen's extraordinary post-arrest conduct, cooperation with the government, and full acceptance of responsibility, Counsel for Mr. Nguyen respectfully requests that this Court allow Mr. Nguyen to serve his sentence on home confinement with appropriate conditions so that he can continue to support his wife, disabled mother, and two-year-old child.

## PRELIMINARY STATEMENT

Mr. Nguyen appeared before this Court on June 16, 2020 and pleaded guilty to being involved in a conspiracy to distribute pills over the internet. Although Mr.

Nguyen initially believed that the pills were a generic form of Adderall, he continued to process orders and assist his co-defendants in distributing the pills after learning that the pills contained methamphetamine. While he certainly played a more than minor role in this offense, he was not a leader, organizer or manager of the operation.

We have carefully reviewed the Presentence Investigation Report prepared for Mr. Nguyen by the United States Probation Office (the "PSR") and we have no objections to the advisory guideline calculations. Given the fact that Mr. Nguyen's involvement in this conspiracy was relatively short, it is possible that the drug quantity attributed to him overstates his personal involvement in this offense. Nonetheless, Mr. Nguyen readily stipulated to the loss amount because of the difficulty in determining the exact quantity of methamphetamine distributed in this case and the fact that he invested money in the business and directly processed the orders. We agree that Mr. Nguyen's total offense level is 29, and he is in Criminal History Category I because he has no prior criminal convictions or charges. As a result, his advisory guidelines range is 87 to 108 months.

On November 3, 2020, the Government filed a notice stating its position on Mr. Nguyen's sentence. (Doc 44). The Government requests that the Court vary from the advisory guideline range and impose a sentence below the advisory guideline range, but higher than any of the sentences so far imposed by the Court for Mr. Nguyen's co-defendants. While we agree with the Government that a

variance is warranted, we believe that Mr. Nguyen's sentence should be substantially less than 46 months received by Hon Luk, and closer to the "time served" sentences received by the other co-defendants in this case (Lien Phan and Duong Nguyen).

I.  **Nature and Circumstances of the Offense**

In late 2019, Mr. Nguyen was approached by his co-defendant Tyler Phan, a man he knew from the local Vietnamese community and had gone to church with in the past, about becoming involved in an online business selling Adderall without a prescription. At the time Mr. Nguyen was approached by Tyler Phan, the online business had already been established and was fully operational. Tyler Phan had secured a supply of pills, and Dat Nguyen (another co-defendant) set up the online market and named it "addy4cheap."

Tyler told Mr. Nguyen that he would receive a percentage of the profits if he agreed to invest some money in this business. Mr. Nguyen agreed to put in some money and assist with this illegal business, but he was unaware at the time that the pills being sold contained methamphetamine. Mr. Nguyen later agreed to assist with processing the online orders at the request of his co-conspirators. He still did not know what the pills actually contained, although he knew the pills were controlled substances and should not have been sold on the internet. As Mr. Nguyen was processing the orders, he saw several online reviews from customers suggesting that the pills contained methamphetamine. He confronted Tyler Phan

3

about this and told him he did not want to be directly involved with processing the orders any longer since the pills were really made of meth. Shortly thereafter, Tyler agreed to transfer the responsibility of processing orders to another co-defendant (Hon Luk) and Mr. Nguyen helped Hon learn how to do it.

Mr. Nguyen was only involved in this conspiracy for a few months in late 2019. He did not start this illegal business or come up with the name. He did not know the source of the drugs being sold, or the true contents of the pills being sold. He did not have control over the bank accounts. Unlike some of the other co-defendants (including Mr. Luk), Mr. Nguyen did not recruit others to become involved in this conspiracy. And, despite investing some of his savings into this scheme, Mr. Nguyen did not personally profit from his involvement in this offense.

II. **History and Characteristics of the Defendant**

Prior to his arrest in this case, Mr. Nguyen was a Network Engineer at the National Science Foundation where he had been employed for approximately 12 years. He has absolutely no criminal history. He is married and has a two-year-old daughter, Shay. He is very close with his mother, siblings, and his wife's family, many of whom live in Northern Virginia.

Mr. Nguyen left Vietnam for America when he was nine years old with his parents and siblings. His mother and father worked hard to provide for their children and set a positive example for them to follow. Unfortunately, Mr. Nguyen's father died a few years ago. After his father died in 2017,

Mr. Nguyen became the primary caretaker for his mother (Ms. Sanh Phan). Ms. Phan has written a letter to the Court where she describes her relationship with Mr. Nguyen and how he has taken care of her since her husband's death. Ms. Phan writes that *"my son talked and laid by my side to keep me company at night, when it was the hardest time of day. We went to church, prayed, looked through family albums and shared good memories of my husband."* Mr. Nguyen provides much more than emotional support to his mother. As Ms. Phan describes it, *"he tends to all of my medical needs and numerous appointments, not to mention my physical, emotional and mental well-being too. He is an integral part of my daily routine: does my laundry, cleans, grocery shops, reminds me to take my medication and most importantly, to eat."* (Exhibit 1, Letter from Ms. Phan).

All of Mr. Nguyen's other family members similarly describe his commitment to the family, and especially his love and devotion to his two-year-old daughter. Nancy Tran (Mr. Nguyen's sister-in-law) tells the Court that Mr. Nguyen is *"the perfect father to his two-year-old daughter, Shay."* She writes that Mr. Nguyen *"dedicates his time to cook nutritious meals and plays with her…She is very attached to him and only wants him to feed, play, and put her to bed."* (Exhibit 2, Letter from Ms. Tran).

Mr. Nguyen's brother-in-law describes Mr. Nguyen as *"the link bringing our family together, often coordinating and arranging a time for everyone to meet and*

*catch up on life…Without Son, I do not believe our family is as close and tight knit as we stand today."* (Exhibit 3, Letter from Mr. Nguyen Nguyen).

Mr. Nguyen has balanced his family responsibilities with a solid, long-term career in information technology. During his time at the National Science Foundation, Son has been a reliable mentor and role model for the other professionals who work there. As one of his colleagues writes, *"when he received his professional network certification (which was a big deal), his first action was to help out his peers who were trying to get their certifications. He also helped guide and mentor colleagues on their professional development at NSF (the National Science Foundation)."* (Exhibit 4, Letter from Mr. Le).

Similarly, Mr. Johnny Dinh writes that Mr. Nguyen is *"an experienced mentor and I am confident to attest that many on the team perceive him as a role model…Son is reliable and trustworthy. I can certainly count on him to be there for me and he is one of the few 'go to people' that I can call in the event of an emergency, no matter how big or small the situation."* (Exhibit 5, Letter from Mr. Dinh).

These letters paint a picture of a dedicated son, husband and father who is a productive member of the community. He is 34 years old, and this is his very first experience with the criminal justice system. Other than this offense where he was involved in selling drugs online for a few months, there is nothing in his

background that would suggest he is a danger to the community or a risk of violating the law in the future.

### III. Post-Arrest Conduct and Acceptance of Responsibility

Unlike some defendants before this Court who blame others for their prosecution, Mr. Nguyen has approached this case with humility, deep regret, and a sincere desire to re-commit to his family and community. He knows he cannot undo what he has done, but he has taken positive, concrete steps to show his commitment to a life free of illegal drugs and criminal activity.

During the time he was involved in this offense, Mr. Nguyen was a regular user of both marijuana and cocaine. (PSR ¶ 85 and 86). Since his arrest in this case, not only has Mr. Nguyen tested negative for using any controlled substances, he has also pursued treatment and rehabilitation. He has attended both Alcohol Anonymous and Narcotics Anonymous meetings on a regular basis. (Exhibits 9 and 10). In addition to focusing on personal rehabilitation and responsibility during the time this case has been pending, Mr. Nguyen has also shown a remarkable dedication to his community by volunteering hundreds of hours at a local food pantry and cleaning up garbage at a local park. (Exhibits 11 and 12).

Mr. Nguyen's commitment to treatment, community service, and his family responsibilities, and his complete acceptance of responsibility for his involvement in this case, proves that he is an excellent candidate for an alternative sentence that does not involve time in prison. He has absolutely no criminal history, has had

stable employment for over a decade in a respected and economically viable field, and he plays a vital role in supporting his tight-knit family. The felony conviction that he has received as a result of his involvement in this case, and the loss of a very good job and future employment opportunities in his chosen field, adequately serves the need for specific and general deterrence in this case. Sending Mr. Nguyen to federal prison, especially during the current pandemic when bed space is at a premium and should be reserved for offenders who present an ongoing threat to their communities, would be a sentence greater than necessary to accomplish the goals of sentencing as set forth within Section 3553(a).

 As the Court is well aware, two of Mr. Nguyen's co-defendants received a sentence of time served and will not have to report to prison. The leader of this conspiracy remains a fugitive. The Government suggests to the Court that Mr. Nguyen should receive a sentence greater than 46 months, the sentence this Court imposed on Mr. Hon Luk. Although it is true that Mr. Luk engaged in conduct that was similar to Mr. Nguyen in terms of processing online orders, Mr. Nguyen's post-arrest conduct and cooperation with the Government put him in a different position than Mr. Luk. It would not be at all unreasonable for the Court to recognize Mr. Nguyen's post-arrest conduct by imposing a lesser sentence given the fact that he now presents a much less risk of committing additional crimes or causing any harm to the community once he has completed his sentence in this case. Mr. Nguyen's family responsibilities also put him in a different position,

especially as it relates to Mr. Nguyen's obligations to his mother, his wife, and two-year-old daughter.

As the Court may be aware, Mr. Nguyen has been fully cooperative with the Government. Counsel will provide details of his assistance at the sentencing hearing. While the Government has apparently chosen not to reward that assistance and cooperation at this time, and may not ever, we believe Mr. Nguyen's truthful debriefing and other efforts demonstrate his attempt to assist law enforcement and his commitment to the community.

Mr. Nguyen has written a letter to the Court describing the impact his criminal conduct has had on his family. While he offers no excuses for his conduct, he describes how he intends to re-dedicate himself to his family and community. (Exhibit 13). As the Court can tell, he is already on that path. Removing him from a loving family that needs his support and attention will not in any way benefit the community or society as a whole.

## CONCLUSION

For these reasons, Counsel for Mr. Nguyen respectfully requests that this Court impose a sentence of probation that includes 12 months of home confinement to allow Mr. Nguyen to continue to care for his family, participate in substance abuse treatment, and fulfill his obligations to his community.

This 6th day of November, 2020.

_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Attorney for Rashourn Niles
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 703-896-3013
joni@jonirobinlaw.com

10

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 6th day of November, 2020.

_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Attorney for Rashourn Niles
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 703-896-3013
joni@jonirobinlaw.com